# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI-DADE CIVIL DIVISION

| | |
|---|---|
| GENEVA McNAIR, individually and as guardian ad litem for KEM, a minor, | ) Case No. |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| Truecore Behavioral Solutions, LLC; Florida Department of Juvenile Justice; Simone Marstiller, individually and in her official capacity; Miami-Dade Public School District; Miami Girls Academy Detention Center; BHSH Holdings, a business entity, form unknown; Javontate Jamarie Richardson, aka Javonte Deverner Richardson; Rashara Z. Smith; State of Florida; and DOES 1-20, inclusive. | ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES
## JURY TRIAL DEMANDED

## INTRODUCTION

1.     Defendant Javontate Jamarie Richardson, aka Javonte Deverner Richardson admittedly molested and sexually abused multiple wards at Miami Girls Academy Detention Center, owned and operated by Truecore Behavioral Solutions; pursuant to contracts with the State of Florida Department of Juvenile Justice and the Miami-Dade County Public Schools system. Plaintiff KEM is one of Javontate Richardson's victims.

2.     In sexually abusing the Plaintiff and other victims, Defendant Richardson

exploited opportunities that were provided by the other named Defendants' deliberate indifference to the safety of Plaintiff. Defendant Richardson's supervisors, including Simone Marstiller, and coworkers, including Defendant Rashara Z. Smith, together with the other named Defendants, failed to respect and enforce key policies designed to prevent and deter sexual abuse, failed to train its employees regarding those policies, failed to discipline its employees for violating those policies, maintained vague and unclear policies, and maintained customs and practices that deviated from written policy.

3. In addition to compensating Plaintiff for the sexual abuse she suffered at the hands of Javontate Richardson, this lawsuit seeks to challenge the deficient customs, practices, and policies that facilitated Plaintiff KEM's mistreatment at the juvenile detention facility. Accordingly, Plaintiffs contend that this lawsuit is in the public interest.

## JURISDICTION

4.     This action arises under 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution of the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1367.

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim[s] occurred" in this district. This Court is authorized to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## PARTIES

6.     Plaintiff KEM is a minor, domiciled and presently residing in Greenville, Florida; and as she is a victim of sexual assault at the Miami Girls Academy Detention

Center.  She is identified herein by a fictitious name pursuant to Florida Probate Rule
5.120(b)(1).  She was specifically assigned to the Miami Girls Academy Detention
Center to receive psychological services and treatment for existing mental health
challenges.  At all times KEM was entitled to the protection of the Eighth and Fourteenth
Amendments to the U.S. Constitution.

7.      Defendant Miami-Dade Public School District is the 4th largest school
system in the United States, with an enrollment of over 350,000 students in more than 460
schools.  Its principal place of business is 1450 NE 2nd Ave , Miami, FL 33132-1308

8.      The Florida Department of Juvenile Justice is an agency of the State of
Florida, with its principal headquarters at 2737 Centerview Drive Tallahassee, Florida.  It
operates 21 detention facilities in three regions of Florida, including the Miami Girls
Academy.   The Florida Bureau of Contract Management serves as its liaison with the
service providers.

9.      Defendant Simone Marstiller is and was at all relevant times, the Secretary
of the Department of Juvenile Justice, which authorizes by contract and oversees the
operation of  Miami Girls Academy Detention Center, and is *sui juris*.

10.     Defendant TrueCore Behavioral Solutions, LLC is a Florida Limited
Liability Company with its principal place of business a 1911 US Highway 301, Suite
450, Tampa, FL  33619, owned by BHSH Holdings, Inc, and houses 1400 minors in four
states.

11.     Defendant Miami Girls Academy Detention Center is a business entity,
form unknown, doing business as a juvenile detention facility at 3300 NW 27th Avenue

Miami, FL 33142.  On information and belief, it is owned by Defendant TrueCore, LLC, and operated by the Department of Juvenile Justice and the Miami-Dade Public School District.

12.     Defendant Javontate Jamarie Richardson, aka Javonte Deverner Richardson (hereinafter "Richardson"), is an individual previously residing in Jacksonville, FL, and has at all relevant times been a citizen of the State of Florida, where he is at this writing, incarcerated upon admitting the allegations against him by Miami School District Police. At all relevant times, he was an employee of TrueCore Behavioral Solutions, LLC, and Miami Girls Academy Detention Center.

13.     Plaintiffs are ignorant of all the true names and capacities of persons and entities responsible for the conduct, acts, and omissions complained of herein.  Plaintiffs are informed and believe and thereon allege that each of such persons is legally responsible in some manner for the occurrences alleged in this complaint and for Plaintiffs' damages.   Plaintiffs reserve the right to amend this complaint when such persons true identities and capacities are ascertained.

14.     Plaintiffs are informed and believe and thereon allege that, at all relevant times, each of the defendants, named and fictitiously named, was the actual or ostensible agent or employee of each one another and in doing the things alleged, was acting within the scope of that agency or employment, conspired with one another, and at all times with the express or implied knowledge, permission, and consent of each remaining defendant, and implicitly and explicitly ratified the acts and omissions of one another as their own.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.    Plaintiff realleges and incorporates by reference as though fully set forth the allegations of paragraphs 1-14, inclusive.

16.    At all times, Defendants, and each of them, were under a duty to  provide for the care, safety, and protection of children in an environment that fosters healthy social, emotional, intellectual, and physical development; to ensure secure and safe custody; and to promote the health and well-being of all children under the state's care, as set forth in FS 985.01(b) and in the Federal Prison Rape Elimination Act (PREA).   Further, sexual activity between staff and juveniles, volunteers or contract personnel and juveniles, and juvenile and juvenile, regardless of consensual status, is prohibited and subject to administrative and criminal disciplinary sanctions. Florida DJJ Policy FDJJ-1919.

17.    While Plaintiff was incarcerated at the Miami Girls Academy Detention Center, she was sexually assaulted and raped on April 5, 2021, by Defendant Richardson, which latter incident was recorded by video.

18.    Plaintiff resisted Defendant Richardson's attempts to groom her for sex, including his request for oral copulation, which made her very uncomfortable, degraded, and frightened. While she was afraid of retaliation by Defendant Richardson and other correctional officers at juvenile hall that supported him, she tearfully reported his misconduct to a close friend, to her parents, and to a counselor, which led to the police being notified.

19.    The Miami-Dade Police Department investigated Defendant Richardson's sexual abuse of Plaintiff and other wards at Miami Girls Academy, and submitted a report

to the Miami-Dade County District Attorney's Office to request that Richardson be

charged with sexual battery (FS 794.011) sexual misconduct with an inmate (FS 951.221).

Richardson admitted the charges upon his arrest.

20.     In light of the above, Defendant Richardson's misconduct and policy

violations prior to the sexual abuse and rape of Plaintiff were not treated in a "zero

tolerance" manner. Written policies that were designed to prevent and deter sexual abuse

were not enforced, and violations of policy were covered up and ignored.

21.     As a direct and proximate result of Defendants' conduct, Plaintiff KEM

sustained injury to her person, illness, injury, discomfort, nausea, annoyance, including

continuing and severe depression, emotional upset and distress, which required and will

continue to require medical and intense psychological therapy in amounts which are at

present unknown to Plaintiffs, but will be adduced at the trial hereof, all to her general

non-economic damage.

22.     As a further direct and proximate result of Defendants' conduct, Plaintiff

KEM will sustain future economic loss by reason of the costs of future care and her likely

inability to maintain gainful employment, in amounts which are at present unknown to

Plaintiff, all to her general economic damage in such amount as shall be adduced at the

trial hereof.

**FEDERAL CLAIMS**

**FIRST CLAIM FOR RELIEF**
**Civil Rights Action (42 U.S.C. § 1983)**
**(Against Richardson)**

23.     Plaintiff realleges and incorporates by reference as though fully set forth the

allegations of paragraphs 1-22, inclusive.

24.     At all relevant times, Plaintiff was a ward of the court and housed in the

Miami Girls Academy Detention Center, operated by Truecore Behavioral Solutions under

contract with the Department of Juvenile Justice.

25.     When Richardson sexually abused KEM and engaged in the conduct

described above, he violated KEM's constitutional rights as guaranteed by the Fourth,

Eighth, and Fourteenth Amendments to the US Constitution.

26.     The sexual abuse of KEM by Richardson, and Richardson's other conduct as

described above, was unreasonable, unjustified, and offensive to human dignity.

27.     The conduct of Richardson was willful, wanton, malicious, or done with

reckless disregard for the rights and safety of KEM and therefore warrants the imposition

of exemplary and punitive damages as to each of them.

28.     As a result of the foregoing, Plaintiff has sustained damages as set forth in

Paragraphs 21 and 22 above.

29.     Plaintiff brings this claim individually and seeks compensatory damages as

well as attorney fees under 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.

## SECOND CLAIM FOR RELIEF
### Substantive Due Process (42 U.S.C. § 1983)
### (Against Richardson)

30.     Plaintiff realleges and incorporates by reference as though fully set forth the

allegations of paragraphs 1-22, inclusive.

31.     Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience.

32.     The aforementioned actions of Richardson, along with other undiscovered conduct, were done with deliberate indifference to the constitutional rights of KEM, and shock the conscience.

33.     The acts of Richardson violated the substantive due process rights of Plaintiff.

34.     As a result of the foregoing, Plaintiff has sustained damages as set forth in Paragraphs 21 and 22 above.

35.     The conduct of Richardson was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

36.     Plaintiff brings this claim individually and  seeks compensatory damages as well as attorney fees under 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.


### THIRD CLAIM FOR RELIEF
### Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
### (Against All Defendants)

37.     Plaintiff realleges and incorporates by reference as though fully set forth the allegations of paragraphs 1-22, inclusive.

38.     Defendant  Richardson acted under color of law and within the course and

scope of his employment by Florida Department of Juvenile Justice, Miami Girls

Academy Detention Center; and Truecore Behavioral Solutions, LLC.

39.     Defendants, and each of them, deprived Plaintiff of her rights under the

Fourth, Eighth, and Fourteenth Amendments, as alleged above.

40.     Defendants, maintain or tolerate unconstitutional customs, practices, and

policies that facilitated the deprivation of Plaintiff's rights under the Fourth, Eighth, and

Fourteenth Amendments, as alleged above.

41.     As a result of the foregoing, Plaintiff has sustained damages as set forth in

Paragraphs 21 and 22 above, and was harmed as a result of these unconstitutional customs,

practices, and policies.

43.     Plaintiff is informed and believes that the policies, customs, and practices

described above are also evidenced by the victimization of other wards by Richardson.

Further, the policies described above are evidenced by the sexual abuse of other wards at

juvenile hall by staff members other than Richardson.

44.     Defendants, and each of them, including their relevant officials, whether

named or unnamed, had either actual or constructive knowledge of the deficient policies,

practices and customs alleged in the paragraphs above. Said officials acted with deliberate

indifference to the foreseeable effects and consequences of these policies, practices and

customs with respect to the constitutional rights of Plaintiff and other wards similarly

situated.

45.     Plaintiff brings this claim individually and seeks compensatory damages as

well as attorney fees under 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.

### FOURTH CLAIM FOR RELIEF
**Inadequate Training / Policy of Inaction (42 U.S.C. § 1983)**
**(Against State of Florida; Florida Department of Juvenile Justice;**
**Simone Marstiller; Miami-Dade Public School District; Miami Girls Academy**
**Detention Center; Truecore Behavioral Solutions, LLC)**

46.     Plaintiff realleges and incorporates by reference as though fully set forth the allegations of paragraphs 1-22, inclusive.

47.     Defendants Richardson, the State of Florida Department of Juvenile Justice; Simone Marstiller, Miami-Dade Public School District, Miami Girls Academy Detention Center, and Truecore Behavioral Solutions, LLC acted under color of law.

48.     Said Defendants deprived Plaintiff of her particular rights under the Fourth, Eighth, and Fourteenth Amendments, as alleged above.

49.     The training provided by said Defendants was not adequate to train their correctional officers to handle the usual and recurring situations with which they must deal.  Specifically, as evidenced by this incident, said Defendants did not adequately train their officers to prevent, deter, detect, and avoid sexual abuse of wards. Also, as evidenced by this incident, said Defendants did not adequately train their officers to intervene when other officers are observed to be violating policies designed to prevent and deter sexual abuse of wards.

50.     The said Defendants were deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.

51.     As a result of the foregoing, Plaintiff has sustained damages as set forth in

Paragraphs 21 and 22 above.

52.     Said Defendants maintained policies of inaction with respect to the violation

of policies designed to prevent or deter sexual abuse of wards. On information and belief,

correctional officers who engaged in suspicious behavior, or behavior that violated written

policy, were inadequately disciplined or otherwise penalized.

53.     Plaintiff brings this claim individually and seeks compensatory damages as

well as attorney fees under 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.

### FIFTH CLAIM FOR RELIEF
### Municipal Liability - Ratification (42 U.S.C. § 1983)
### (Against COUNTY OF KERN)

54.     Plaintiff realleges and incorporates by reference as though fully set forth the

allegations of paragraphs 1-22, inclusive.

55.     At all relevant times, Defendants Richardson, the State of Florida

Department of Juvenile Justice; Simone Marstiller, Miami-Dade Public School District,

Miami Girls Academy Detention Center, and Truecore Behavioral Solutions, LLC acted

under color of law.

56.     Said Defendants deprived Plaintiff of her particular rights under the Fourth,

Eighth, and Fourteenth Amendments, as alleged above.

57.     Upon information and belief, a final policymakers for the State of Florida

Department of Juvenile Justice; Simone Marstiller, Miami-Dade Public School District,

Miami Girls Academy Detention Center, and Truecore Behavioral Solutions, LLC have

ratified or will ratify the conduct of Defendants Richardson.

58.     On information and belief, the State of Florida Department of Juvenile

Justice; Miami-Dade Public School District, Miami Girls Academy Detention Center, and

Truecore Behavioral Solutions, LLC have determined or will determine that the conduct of

Richardson was within policy, or has thus far failed to make a determination one way or

the other.

59.     Plaintiff brings this claim individually and seeks compensatory damages as

well as attorney fees under 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.

### SIXTH CLAIM FOR RELIEF
### Supervisory Liability (42 U.S.C. § 1983)
### (Against ADDITIONAL DEFENDANTS)

60.     Plaintiff realleges and incorporates by reference as though fully set forth the

allegations of paragraphs 1-22, inclusive.

61.     At all relevant times, Defendants the State of Florida Department of Juvenile

Justice; Simone Marstiller, Miami-Dade Public School District, Miami Girls Academy

Detention Center, and Truecore Behavioral Solutions, LLC, acted in a supervisory

capacity and under color of state law.

62.     The acts and failures to act of the said Defendants were a cause of the sexual

abuse of Plaintiff and other conduct by Richardson, which deprived Plaintiff of her

particular rights under the Fourth, Eighth, and Fourteenth Amendments, as alleged above.

63.     The said Defendants knew that their subordinate Richardson was engaging

in conduct in violation of written policy and knew or reasonably should have known that his conduct would deprive the Plaintiff of these rights.

64.    The said Defendants failed to act to prevent Richardson, their subordinate, from engaging in such conduct.

65.    The known or obvious consequence of training deficiencies and the failures to enforce written policies would be to cause subordinates like Richardson to violate the Plaintiff's constitutional rights;

66.    The said Defendants disregarded this consequence.

67.    As a result of the foregoing, Plaintiff has sustained damages as set forth in Paragraphs 21 and 22 above; in addition to the deprivation of Plaintiff's rights caused by these training deficiencies and the failures to enforce written policies and the conduct of Defendant Richardson.

68.    The said Defendants engaged in conduct that showed a reckless or callous indifference to the deprivation by the subordinate of the rights of others.

69. The conduct of Richardson and said Defendants was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of those defendants.

70.    Plaintiff brings this claim individually and seeks compensatory damages as well as attorney fees under 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.

## STATE LAW CLAIMS

### SEVENTH CAUSE OF ACTION
### ASSAULT
(Against Defendant Richardson)

71.     Plaintiff realleges and incorporates by reference as though fully set forth the allegations of paragraphs 1-22, inclusive.

72.     Defendant Richardson, without Plaintiff's consent, threatened Plaintiff with physical and emotional harm, and threatened to rape her.

73.     Plaintiff was put in great fear for her personal safety, but could do nothing for an equally troubling fear of retaliation by Defendant Richardson and/or others.

74.     As a result of the foregoing, Plaintiff has sustained damages as set forth in Paragraphs 21 and 22 above.

WHEREFORE, Plaintiff prays for relief and requests entry of judgment in her favor and against all defendants in the form of monetary damages and injunctive relief.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.

### EIGHTH CAUSE OF ACTION
### BATTERY
(Against Defendant Richardson)

75.     Plaintiff realleges and incorporates by reference as though fully set forth the allegations of paragraphs 1-22, inclusive.

76.     Defendant Richardson, without Plaintiff's consent, caused offensive and unwanted contact with the person of Plaintiff, forcibly touched Plaintiff on multiple occasions, and on or about April 15, 2021, forcibly raped her.

77.     As a result of the foregoing, Plaintiff has sustained damages as set forth in

Paragraphs 21 and 22 above.

WHEREFORE, Plaintiff prays for relief and requests entry of judgment in her favor and against all defendants in the form of monetary damages and injunctive relief.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.

### NINTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against Defendants Richardson, Truecore Behavioral Solutions,
BHSH Holdings, and Miami Girls Academy Detention Center)

78.     Plaintiff realleges and incorporates by reference as though fully set forth the allegations of paragraphs 1-22 inclusive.

79.     Plaintiff is informed and believes, and thereon alleges, that the actions of Defendants, and each of them, as aforesaid, were intentional, extreme, and outrageous. Plaintiff is further informed and believes, and thereon alleges, that such actions were done with the intent to cause serious emotional distress or with reckless disregard of the probability of causing Plaintiff serious emotional distress.

80.     As a direct, legal and proximate result of the actions of Defendants, and each of them, as aforesaid, Plaintiff suffered injury and harm to her person, and severe emotional distress, all to her damage in a sum to be shown according to proof at the trial hereof.

81.     As a result of the foregoing, Plaintiff has sustained damages as set forth in Paragraphs 21 and 22 above.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.

## TENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Against Defendants Richardson, Truecore Behavioral Solutions,
BHSH Holdings, and Miami Girls Academy Detention Center)

82.     Plaintiff realleges and incorporates by reference as though fully set forth the allegations of paragraphs 1-22, inclusive.

83.     In doing and failing to do the things herein alleged, Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that their actions and inactions in failing to follow protocol, policies, and directives for inmate safety, were negligent, careless, and done or not done conscious disregard for the rights and safety of Plaintiff, and would and did cause her extreme emotional distress.

84.     As a direct, legal and proximate result of the actions of Defendants, and each of them, as aforesaid, Plaintiff suffered injury and harm to her person, and severe emotional distress, all to her damage in a sum to be shown according to proof at the trial hereof.

85.     As a result of the foregoing, Plaintiff has sustained damages as set forth in Paragraphs 21 and 22 above.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.

## ELEVENTH CAUSE OF ACTION
### Inadequate Training / Policy of Inaction
(Against Truecore Behavioral Solutions, BHSH Holdings,
and Miami Girls Academy Detention Center)

86.     Plaintiff realleges and incorporates by reference as though fully set forth the allegations of paragraphs 1-22, inclusive.

87.     The training provided by Truecore Behavioral Solutions, BHSH Holdings, and Miami Girls Academy Detention Center,  was not adequate to train its correctional officers to handle the usual and recurring situations with which they must deal. Specifically, as evidenced by this incident, the entity defendants, and each of them, did not adequately train its officers to prevent, deter, detect, and avoid sexual abuse of wards. Also, as evidenced by this incident and upon information and belief, the entity defendants, and each of them, did not adequately train its officers to intervene when other officers are observed to be violating policies designed to prevent and deter sexual abuse of wards, including policies prohibiting staff members from supervising the showers of wards of the opposite gender are showering, or prohibiting staff members from being alone with a ward of the opposite gender.

88.     The entity defendants, and each of them, were deliberately indifferent to the obvious consequences of its failure to train its police officers adequately.

89.     The failure of the entity defendants, and each of them, to provide adequate training caused the deprivation of the plaintiff's rights.

90.     The entity defendants, and each of them, maintained a policy of inaction with respect to the violation of policies designed to prevent or deter sexual abuse of wards. Correctional officers who engaged in suspicious behavior, or behavior that violated written policy, were inadequately disciplined or otherwise penalized in connection with the use of excessive force.

100.     As a result of the foregoing, Plaintiff has sustained damages as set forth in Paragraphs 21 and 22 above.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.

## TWELVTH CAUSE OF ACTION
### Ratification
(Against Entity Defendants)

101.    Plaintiff realleges and incorporates by reference as though fully set forth the allegations of paragraphs 1-22, inclusive.

102.    Upon information and belief, a final policymaker for each entity defendant has ratified or will ratify the conduct of Defendants Richardson, along with their own conduct and omissions such as precipitated the subject incidents.  Upon information and belief, the final policymaker acted or will act under color of law and with final policymaking authority from each entity defendant.

103.    On information and belief, each of the entity defendants has determined or will determine that Richardson's conduct was within policy, or has thus far failed to make a determination one way or the other.

104.    On information and belief, as of the date of this complaint, only Richardson was disciplined, or otherwise penalized in connection with the incident.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.

## THIRTEENTH CAUSE OF ACTION
### Supervisory Liability
(Against Entity Defendants)

105.    Plaintiff realleges and incorporates by reference as though fully set forth the allegations of paragraphs 1-22, inclusive.

106.    The acts and failures to act of the entity defendants were an indirect cause of the sexual abuse of Plaintiff and other conduct by Richardson.

107.    The entity defendants, and each of them, knew that their subordinate Richardson was engaging in conduct in violation of written policy and knew or reasonably should have known that his conduct would deprive the Plaintiff of these rights.

108.    The entity defendants, and each of them, failed to act to prevent Richardson, their subordinate, from engaging in such conduct.

109.    The known or obvious consequence of training deficiencies and the failures to enforce written policies would be to cause subordinates like Richardson to act as alleged herein.

110.    The entity defendants, and each of them, disregarded this consequence.

111.    These training deficiencies and the failures to enforce written policies resulted in the rape of Plaintiff's by Richardson.

54.    The entity defendants, and each of them, engaged in conduct that showed a reckless or callous indifference to the deprivation by the subordinate of the rights and safety of others, including Plaintiff.

112.    The conduct of the entity defendants, and each of them, was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of those defendants.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.

## FOURTEENTH CAUSE OF ACTION
## NEGLIGENT HIRING
### (against Truecore Behavioral Solutions, BHSH Holdings,
### and Miami Girls Academy Detention Center)

113.    Plaintiff realleges and incorporates by reference as though fully set forth the allegations of paragraphs 1-22, inclusive.

114.    Defendants Truecore Behavioral Solutions, BHSH Holdings, and Miami Girls Academy Detention Center, and each of them, were under a duty to exercise an appropriate and reasonable amount of care and caution, in the hiring of personnel to work in the Miami Girls Academy detention facility.

115.    Said Defendants breached their aforesaid duty by failing to exercise an appropriate amount of care and caution under the circumstances, and hired an unsuitable person, i.e., Defendant Richardson, who had a criminal record, to work in the Miami Girls Academy.

116.    The entity defendants, and each of them, knew that their subordinate Richardson was engaging in conduct in violation of written policy and knew or reasonably should have known that his conduct would deprive the Plaintiff of these rights.

117.    The acts and failures to act of the entity defendants were a cause of the sexual abuse of Plaintiff and other conduct by Richardson, including the rape of April 15, 2021, which caused the invasion of Plaintiff's rights, resulting in damages to her as alleged.

WHEREFORE, Plaintiff prays for judgment as set forth hereinbelow.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief and requests entry of judgment in herfavor and against all defendants in the form of monetary damages and injunctive relief as follows:

      A.     For compensatory damages in the amount of $10,000,000, or alternatively, in an amount to be proven at trial;

      B.     For punitive damages against the individual defendants in an amount to be proven at trial;

      C.     For pre-judgment interest from and after April 15, 2021;

      D.     For interest at the legal rate upon the judgment rendered herein;

      E.     For reasonable costs of this suit and attorneys' fees, including attorneys' fees as the law allows and pursuant to 42 USC § 1988;

      F.     For injunctive relief to cure or address Defendants' deficient policies, customs, and practices described above; and

      G.     For such further other relief as the Court may deem just, proper, and appropriate.

Dated: November _____, 2021

*Willie Gary*_____
Willie Gary, Esq., FSBN 187843
GARY, WILLIAMS, PARENTI,
WATSON & GARY, PLLC
221 S.E. Osceola Street
Stuart, FL 34994
Telephone: (772) 283-8260
Facsimile: (772) 219-3365
cba@williegary.com
tcp@willigary.com
lw@williegary.com