UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-24094-BLOOM/Otazo-Reyes**

GENEVA MCNAIR, *individually and as guardian ad litem for KEM, a minor*,

    Plaintiff,

v.

TRUECORE BEHAVIORAL SOLUTIONS LLC, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon the Motion for Default Final Judgment, ECF No. [93] (the "Motion"), filed by Plaintiff Geneva McNair, *individually and as guardian ad litem for KEM* ("Plaintiff"). Defendants Florida Department of Juvenile Justice ("FDJJ") and TrueCore Behavioral Solutions, LLC ("TrueCore") filed a Response. ECF No. [95]. The Court has reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

On February 25, 2022, Plaintiff filed a Second Amended Complaint, ECF No. [44] ("SAC"), against Defendants Javontate Richardson ("Richardson"), TrueCore, FDJJ, and FDJJ's Secretary. The SAC consists of six Counts, all of which relate to a sexual assault that Richardson allegedly committed against KEM while she was a detainee at the Miami Girls Facility. *Id*.

On May 12, 2022, Plaintiff filed a Return of Service, indicating that Richardson was personally served on May 9, 2022. ECF No. [73-1]. On June 2, 2022, the Court ordered Richardson to respond to the SAC no later than June 8, 2022. ECF No. [75]. Richardson did not respond, and

Case No. 21-cv-24094-BLOOM/Otazo-Reyes

the Clerk entered a default against him on June 15, 2022. ECF No. [87].

On June 16, 2022, the Court issued its Order on Default Judgment Procedure. ECF No. [88]. Therein, the Court ordered Plaintiff to file one of two responses: a *Motion for Default Final Judgment*, or a *Notice of Joint Liability*. *Id.* at 1-2. The Order advised that a Motion for Final Judgment is appropriate only "[w]here there is only one Defendant, or where there are multiple Defendants, but no allegations of joint and several liability[.]" *Id*. at 1 (footnote call number omitted). It further instructed that, "[i]f there are multiple Defendants, Plaintiff must state in the *Motion for Default Final Judgment* that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability." *Id*. at 1 n.1.

On July 7, 2022, Plaintiff filed the instant Motion for Default Final Judgment. ECF No. [93]. Despite the existence of multiple Defendants in this case, that Motion does not address the issues of joint and several liability, nor does it "set forth the basis why there is no possibility of inconsistent liability." ECF No. [88] at 1 n.1. Plaintiff's Motion therefore failed to comply with the Court's Order, ECF No. [88]. Moreover, a review of the SAC plainly reveals that Plaintiff seeks to hold the Defendants jointly and severally liable.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Default Final Judgment, ECF No. [93], is **DENIED without prejudice**.

2. Plaintiff shall file a *Notice of Joint Liability*, in accordance with the Court's Order on Default Judgment Procedure, ECF No. [88], no later than **September 29, 2022**.

Case No. 21-cv-24094-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 15, 2022.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Javonte Jamarie Richardson
4121 NW 3rd Ave
Miami, FL 33127