UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24094-BLOOM/Otazo-Reyes

GENEVA MCNAIR, *individually and as guardian ad litem for KEM, a minor*,

    Plaintiff,

v.

TRUECORE BEHAVIORAL SOLUTIONS LLC, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Geneva McNair's, *individually and as guardian ad litem for KEM*, Motion for Reconsideration and Other Related Relief, ECF No. [109] (the "Motion"). Defendants Florida Department of Juvenile Justice ("FDJJ") and TrueCore Behavioral Solutions, LLC ("TrueCore") filed a Response in Opposition, ECF No. [110], to which Plaintiff filed an untimely Reply, ECF No. [114].[1] Having carefully reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and being otherwise fully advised, the Motion is denied for the reasons set forth below.

### I.    BACKGROUND

In Count III of Plaintiff's Second Amended Complaint ("SAC"), Plaintiff alleged that Eric Hall ("Hall"), the Secretary of FDJJ, was liable for alleged sexual abuse that KEM suffered as a

---

[1] The Reply was filed 41 minutes after midnight following the date it was due. *See* ECF No. [114]. As Defendants have previously noted, this is not the first time Plaintiff has filed in the early morning hours of the day *after* a filing was due. ECF No. [98] at 6 (noting a "pattern of delays"). The Court has considered Plaintiff's Reply in the rendering of this decision, but the Court advises Plaintiff that it should not count on further leniency.

detainee at the Miami Girls Academy, which was operated by TrueCore pursuant to a contract with FDJJ. ECF No. [44] at 31-32. Hall, among the other Defendants in this case, moved to dismiss on numerous grounds, including that Hall was shielded by sovereign immunity. ECF No. [46] at 12-13.

On June 15, 2022, the Court heard argument on the Defendants' Motions to Dismiss. ECF Nos. [45], [46], [47], [48]. At that hearing, the Court and the parties discussed the applicability of the *Ex parte Young* exception to sovereign immunity, which permits suits against otherwise immune state officers when the plaintiff seeks "prospective equitable relief to end continuing violations of federal law." *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

Because the *Ex parte Young* exception hinges on the availability of prospective relief, the Court questioned Plaintiff's counsel as to whether KEM remains a detainee. ECF No. [110-1] at 9. Plaintiff's counsel answered:

> No, Your Honor. She's not a detainee, but the issue goes far and above and beyond. We're here on a case in which a minor was in the custody of DFJJ [sic], was supervised – which is an agency headed and supervised by Hall. She's still under the supervision of the State pursuant to the terms of her release. She's still being monitored. She's still a ward, if you will, of State custody, but just in a different place.

*Id.* at 9-10.

The Court responded: "But she's not at the Miami Girls Academy. So for the purposes of this suit against Hall, . . . where within the [SAC] have you made such allegations that [ ] prospective relief is warranted under the *Ex parte Young* Doctrine?" *Id.* at 10.

Plaintiff had no meaningful response. *See id.* at 10-13. Given Plaintiff's concession that KEM was no longer a detainee and the contract between TrueCore and the FDJJ no longer exists, the Court found no basis for prospective relief against Hall. *Id.* at 13-14. Accordingly, the Court

held that *Ex parte Young* was inapplicable, so Count III was dismissed with prejudice. *Id*. at 15-16.

In the Instant Motion, Plaintiff asserts that "[s]ubsequent to the hearing facts have come to light which materially alter the Court's assumptions." ECF No. [109] at 2. Plaintiff explains that it has recently obtained a Final Disposition Order from KEM's juvenile case, which, according to Plaintiff, states that KEM is:

> COMMITTED to the custody of the Department of Juvenile Justice (DJJ), for placement in a HIGH risk residential program, including conditional release, for an indeterminate period, but no longer than the child's __ 19th __ 21st birthday, or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first.

*Id*. at 2. Plaintiff argues that this Final Disposition Order proves that KEM remains committed to the FDJJ's custody until "at least age 19." *Id.* at 3. Plaintiff argus that, despite KEM's current residence in her mother's home, FDJJ's authority over KEM requires this Court to reconsider whether there is a basis for prospective relief against FDJJ, such that Count III should not have been dismissed. ECF No. [114] at 3-4.

In Response, Defendants argue that the Motion is procedurally improper, untimely, and it fails to assert any new facts that would warrant reconsideration of the Court's decision to dismiss Count III with prejudice. ECF No. [110].

## II. LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009).

A motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Burger King*, 181 F. Supp. 2d at 1369. "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made[.]" *Z.K. Marine Inc.* v. *M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)).

### III. DISCUSSION

Plaintiff has not met its burden to show that reconsideration is warranted.

As an initial matter, Defendants are correct that Plaintiff's Motion is procedurally deficient in several ways. First, Plaintiff does not appear to have complied with Local Rule 7.1(a)(3), which requires "a good faith effort" to confer with opposing counsel prior to filing a motion. Based on the uncontroverted statements in Defendants' Response, *see* ECF Nos. [110] at 4-5 (Response), [114] at 6 (Reply), Plaintiff's email sent at the end of the business day on August 22, 2022 – the day that Plaintiff filed the Motion – was not a "good faith" effort to confer. Plaintiff's failure to confer is not excused by the fact that opposing counsel did "not agree with the requested relief." ECF No. [114] at 6.

Second, Plaintiff failed to comply with Local Rule 7.1(a)'s requirement that "[e]very motion . . . shall incorporate a memorandum of law citing supporting authorities[.]" Plaintiff's Motion lacks such a memorandum and is practically devoid of citations to legal authority. ECF No. [110]. The Motion itself does not set forth the procedural basis for its request for

4

reconsideration and Plaintiff waited until its Reply to invoke Fed. R. Civ. P. 60(b)(1) and (6). ECF No. [114] at 5.

Either of these procedural deficiencies would suffice for the Court to deny Plaintiff's Motion without prejudice. However, for the reasons discussed below, denial with prejudice is more appropriate.

**A. The Motion Does Not Comply with Rule 60.**

In its Reply, Plaintiff indicates that its Motion is based on Rule 60(b)(1) and (6), which allow reconsideration for the reasons of "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." ECF No. [114] at 5. But Plaintiff has neither shown nor argued how the present circumstances fit under any of those bases. *Id.* Rule 60(b)(2) appears to be more apt, because the basis for Plaintiff's Motion is a "Final Disposition Order" in KEM's juvenile case that seemingly constitutes "newly discovered evidence" as contemplated in Rule 60(b)(2). But Rule 60(b)(2) only applies to "newly discovered evidence that, with reasonable diligence, could not have been discovered" earlier. According to Plaintiff, the Final Disposition Order was entered on September 21, 2020 – almost nine months prior to the hearing on the motion to dismiss. ECF No. [109] at 2. Plaintiff has not demonstrated – nor even alleged – that the Final Disposition Order could not have been discovered earlier through the exercise of reasonable diligence. Thus, Plaintiff has failed to show that its Motion fits under any of the acceptable bases for reconsideration stated in Rule 60(b).

Moreover, all motions under Rule 60(b) must be brought "within a reasonable time[.]" Rule 60(c)(1). Although Plaintiff is correct that its Motion was filed within the one-year outer limit applicable to motions relying on Rule 60(b)(1-3), the Motion was inexplicably filed after Plaintiff filed a Third Amended Complaint (TAC) and after Defendants filed their Motions to Dismiss. *See*

ECF Nos. [98], [99]. Indeed, the Motion was filed on the day of the deadline for Plaintiff to respond to the Motions to Dismiss, apparently on the mistaken belief that the Motion was an acceptable filing in lieu of a response to the Motions to Dismiss. *See* Order to Show Cause, ECF No. [116]. Granting the Motion would effectively moot the TAC and Defendants' Motions to Dismiss, thus wasting judicial time and resources. Under these circumstances, and particularly in the absence of any explanation as to why Plaintiff could not have presented the Final Disposition Order earlier, the Court concludes that Plaintiff's Motion was not brought "within a reasonable time." Rule 60(c)(1).

    **B. The Motion Is Meritless.**

Even if the Motion were properly brought under Rule 60(b), the Court would deny it because it fails to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Burger King*, 181 F. Supp. 2d at 1369.

As noted in the Background section above, the Court dismissed Count III after determining that Hall was immune from suit for damages and the *Ex parte Young* exception did not apply. ECF No. [110-1] at 9-13. The *Ex parte Young* doctrine allows suit against otherwise immune state officials when the plaintiff seeks "prospective injunctive or declaratory relief" for ongoing violations of federal law, as opposed to "retrospective relief such as restitution or damages." *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1220. "*Ex parte Young* has been applied in cases where a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past." *Id.* at 1219.

This case stems from a single incident of sexual assault that allegedly occurred while KEM was a detainee at a TrueCore facility. KEM is no longer a detainee there or elsewhere. Even assuming the Final Disposition Order proves that FDJJ has "custody and control over KEM until

at least age 19," as Plaintiff claims, ECF No. [109] at 35, there is no basis for prospective injunctive relief because KEM is in fact living with her mother. She is not detained, so she would not benefit from an injunction requiring changes to FDJJ's policies relating to detention facilities.

Relatedly, the specific injunctive relief Plaintiff requests does not fit within the *Ex parte Young* exception. Plaintiff seeks an injunction requiring Hall and FDJJ to provide mental health treatment for KEM to address the harm she continues to suffer from the sexual assault that occurred in 2021. ECF Nos. [109] at 4; [114] at 6. Treating KEM for a past harm is "compensatory" and a form of "restitution"; it is not remedying an *ongoing* violation of federal law, as *Ex parte Young* requires. *Florida Ass'n of Rehab. Facilities*, 225 F.3d at 1221.

Lastly, the supposedly new evidence contained within Plaintiff's Motion is not, in fact, new. *See Z.K. Marine Inc.*, 808 F. Supp. at 1563 ("A motion for reconsideration should not be used as a vehicle to . . . reiterate arguments previously made[.]"). At the June 15 hearing, Plaintiff's attorney stated that, while KEM was no longer a detainee, she was still "under the supervision of the State pursuant to the terms of her release. She's still being monitored. She's still a ward, if you will, of State custody, but just in a different place." ECF No. [110-1] at 9-10. Thus, when the Court dismissed Count III, Plaintiff had already argued that the FDJJ's supposed custody over KEM renders *Ex parte Young* applicable. For the reasons stated by the Court at that hearing – and repeated in this Order – Plaintiff's position is devoid of legal support from *Ex parte Young* or its progeny.

**C. Plaintiff's Requests for Related Relief.**

At the end of its Motion, Plaintiff makes several additional requests. First, Plaintiff moves to stay Plaintiff's deadline to respond to Defendants' Motions to Dismiss Plaintiff's Third Amended Complaint. ECF No. [109] at 3. This request is denied. Plaintiff shall comply with the

deadline stated in the Court's Order to Show Cause, ECF No. [116].

Second, Plaintiff requests leave to file a Fourth Amended Complaint. ECF No. [109] at 4. This request is denied, as the Court explicitly warned Plaintiff that its Third Amended Complaint would be its "final opportunity to amend[.]" ECF No. [110-1] at 51.

Third, Plaintiff requests that "the Court compel an independent psychological evaluation on KEM at the Defendants' expense[.]" ECF No. [109] at 4. As Defendants correctly note, ECF No. [110] at 13, Plaintiff cites to no legal authority in support of its request, which is therefore denied. *See* S.D. Fla. L.R. 7.1(a)(1) (requiring motions to be supported by citations to supporting authorities).

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Reconsideration and Other Related Relief, **ECF No. [109]**, is **DENIED**.

2. Defendants' Motion for Leave to Enter Brief Sur-Reply, **ECF No. [115]**, is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 15, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Javonte Jamarie Richardson
4121 NW 3rd Ave
Miami, FL 33127